**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY LITIGATION                                   MDL No. 2924

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in five actions listed on Schedule A[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the actions listed on Schedule A in the District of New Jersey or, alternatively, the Southern District of Florida. This litigation consists of fifteen actions pending in nine districts. Plaintiffs in all of the actions allege that the heartburn medication Zantac—and specifically the ranitidine molecule, its active ingredient—breaks down to form an alleged carcinogen known as N-Nitrosodimethylamine (NDMA). Nine of these actions are brought by individual plaintiffs asserting personal injury claims. Six are brought on behalf of putative classes of consumers seeking refunds and other economic damages stemming from their purchases of Zantac. In addition to the actions on the motion, the parties have notified the Panel of 126 related actions pending in 21 districts.[2]

With one exception, all parties support centralization,[3] but disagree as to the transferee

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Movants consist of plaintiffs in the following actions: Northern District of California *Garza*; District of Connecticut *Dimesky* and *Cravens*; and District of New Jersey *Santorella* and *Cravens*.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Plaintiffs in Southern District of New York *Koppell* request that their action be excluded from any MDL because their claims relate to generic ranitidine manufactured by non-common defendants (Perrigo Company PLC and Perrigo Research & Development Company). They argue that no evidence exists that the Perrigo-manufactured ranitidine shares the same manufacturing process, component suppliers, or the same source of contamination as brand-name Zantac. The *Koppell* defendants oppose excluding *Koppell* from the MDL.

Plaintiffs' arguments with respect to *Koppell*, a potential tag-along action, are premature. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358,

(continued...)

-2-

district for this litigation. In their papers, plaintiffs proposed a number of transferee districts, either in the first instance or in the alternative, including the Central District of California, the Northern District of California, the Middle District of Florida, the Southern District of Florida, the Northern District of Illinois, the Southern District of Mississippi, the District of New Jersey, the Southern District of New York, the Southern District of Ohio, and the Eastern District of Tennessee. At oral argument, however, most plaintiffs appeared to have coalesced around the Southern District of Florida as their first choice for transferee district. The common defendants—each of which manufactured, sold, or distributed Zantac—support centralization in the District of New Jersey or, alternatively, in the Southern District of New York.[4]

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that ranitidine, the active molecule in Zantac and similar heartburn medications, can form the carcinogen NDMA, either during storage or when metabolized in the human body. Plaintiffs uniformly allege that the manufacturers, sellers, and distributors of Zantac and other ranitidine medications knew or should have known that these medications exposed consumers to NDMA, and that defendants concealed the NDMA-associated dangers posed to consumers by these products. General causation issues, in particular, likely will be common across all the actions and would benefit greatly from coordinated treatment. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification and *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary.

Furthermore, the centralized proceedings should include both the related personal injury actions, in which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac, and the related consumer class actions, in which plaintiffs allege that they suffered economic losses as a result of defendants' alleged concealment of the NDMA-associated dangers posed by Zantac. The core factual issues in the personal injury actions will be the same as in the consumer class actions—in particular, how ranitidine allegedly forms NDMA; the nature and extent of the health risks posed by NDMA and the NDMA levels at issue; defendants' knowledge of the NDMA-associated risks of ranitidine; and the impact of any findings made by the U.S. Food and Drug Administration, which is investigating this issue. There also are significant overlaps among defendants in both the personal injury and consumer class actions. Including both types of actions

---

[3](...continued)
1360 (J.P.M.L. 2011). We therefore decline to grant plaintiffs' request at this time. Should the Panel issue an order conditionally transferring *Koppell* to the MDL, plaintiffs at that time may move to vacate the conditional transfer order. *See* Panel Rule 7.1.

[4] The common defendants include: Boehringer Ingelheim Pharmaceuticals, Inc.; GlaxoSmithKline LLC; Pfizer Inc.; Sanofi-Aventis U.S. LLC; Sanofi US Services Inc.; and Chattem, Inc.

-3-

in the MDL will result in significant efficiencies. *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1381-82 (J.P.M.L. 2019).

The Southern District of Florida is an appropriate transferee district for this litigation. A large number of Zantac actions are pending in the Southern District of Florida, which is supported by the majority of responding plaintiffs. The district is a relatively convenient and accessible forum, with the resources and the capacity to efficiently handle what could be a large litigation. Additionally, centralization before the Honorable Robin L. Rosenberg allows us to assign this litigation to an able jurist who has not yet had the opportunity to preside over an MDL. We are confident that Judge Rosenberg will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Robin L. Rosenberg for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor            Catherine D. Perry
Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton

**IN RE: ZANTAC (RANITIDINE)**
**PRODUCTS LIABILITY LITIGATION**     MDL No. 2924

## SCHEDULE A

### Eastern District of California

HANSEN v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 2:19−02069

### Northern District of California

BALISTRERI v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 3:19−07226
GARZA, ET AL. v. SANOFI−AVENTIS U.S. LLC, ET AL., C.A. No. 5:19−05772

### District of Colorado

BLAKE v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:19−02991

### District of Connecticut

DIMESKY, ET AL. v. SANOFI−AVENTIS U.S. LLC, ET AL., C.A. No. 3:19−01517
CRAVENS, ET AL. v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,
    ET AL., C.A. No. 3:19−01683

### Southern District of Florida

LOPEZ FLORES v. SANOFI US SERVICES INC., ET AL., C.A. No. 0:19−62313
KERZER v. SANOFI−AVENTIS U.S. LLC., ET AL., C.A. No. 1:19−24092
GALIMIDI v. SANOFI US SERVICES INC., ET AL., C.A. No. 1:19−24395

### Southern District of Illinois

SOBIESZCZYK v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,
    ET AL., C.A. No. 3:19−01200

### District of New Jersey

SANTORELLA, ET AL. v. SANOFI−AVENTIS U.S. LLC, ET AL.,
    C.A. No. 3:19−18146
PINALES v. SANOFI S.A., ET AL., C.A. No. 3:19−19324
CRAVENS, ET AL. v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,
    ET AL., C.A. No. 3:19−19368

-A2-

<u>Eastern District of New York</u>

DE LUCA v. SANOFI-AVENTIS U.S. LLC, ET AL., C.A. No. 1:19-06160

<u>Southern District of New York</u>

RODRIGUEZ v. SANOFI U.S. LLC, ET AL., C.A. No. 1:19-09527